ROBERT R. CROSS (State Bar No. 56814)
E-Mail:    rcross@sideman.com
CONSTANCE J. YU (State Bar No. 182704)
E-Mail:    cyu@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111-3629
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827

Attorneys for Plaintiff
June Newton

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE NEWTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORMAN SOLOMON, an individual, ART AND ARTIFACTS, INC., dba ART & ARTIFACT THE PHOTOGRAPHIC ART CENTER, a California corporation, CELEBRITY, INC, a dissolved Delaware corporation and WESTERN CANON, INC., a dissolved Nevada corporation, dba THE CELEBRITY VAULT, JOHN DUNNICLIFF, an individual, KLAUS MOELLER, an individual, CAPITAL ART, INC., a Delaware corporation, CAPITAL ART, LLC, a California limited liability company, and EMAGE INTERNATIONAL, INC., a Nevada corporation,<br><br>　　　　Defendants. | CASE NO. CV11-02350 ODW(VBKx)<br><br>**SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONVERSION AND VIOLATION OF CAL. CIVIL CODE § 1740 *ET SEQ.***<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Action Filed:  March 18, 2011 |

Case No.: CV11-02350 ODW(VBKx)
SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff June Newton ("Plaintiff" or "Mrs. Newton") hereby alleges as follows:

## JURISDICTION AND VENUE

1.  <u>Jurisdiction</u>. This action is brought, and jurisdiction lies within this court, pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in this matter in that Plaintiff seeks damages against Defendants named herein under Sections 501 through 505 of the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq*. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the controversy exists between Plaintiff, domiciled in the Principality of Monaco, and Defendants, who are citizens of California. Furthermore this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and 1338(b). Finally, this Court has supplemental jurisdiction under the principles of pendent jurisdiction as codified in 28 U.S.C. § 1367.

2.  As the actions that gave rise to this controversy took place primarily in the County of Los Angeles, this action shall be assigned to the Western Division.

3.  Venue lies within this district pursuant to 28 U.S.C. § 1391(b)(1) as Defendant Norman Solomon ("Solomon") resides or has resided in this district; pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims alleged herein occurred in this district; and pursuant to 28 U.S.C. § 1391(c), Defendants Art and Artifacts, Inc. ("Art & Artifacts") and Western Canon, Inc. and/or Celebrity, Inc., dba The Celebrity Vault are subject to personal jurisdiction in this district as each of their business addresses were within this judicial district at the time the action was commenced.

## THE PARTIES

4.  Plaintiff is and at all times material herein has been an individual domiciled in the Principality of in Monaco.

///

5. On information and belief, Solomon is an individual who resides or has resided in Los Angeles, California.

6. On information and belief, Defendant Art and Artifacts, Inc. (originally sued as "Art & Artifact, The Photographic Art Center") is a California corporation doing business in Los Angeles, California, is controlled by Defendant Solomon, and was acting at the direction of Defendant Solomon in doing the things herein alleged. See www.art-artifact.com.

7. On information and belief, Defendants Celebrity, Inc. (a dissolved Delaware corporation) and/or Western Canon, Inc. (a dissolved Nevada corporation) are doing business in California as The Celebrity Vault ("Celebrity Vault"), with a gallery in Beverly Hills, California, but have surrendered their qualifications to do business in California. See www.thecelebrityvault.com.

8. On information and belief, Defendant John Dunnicliff ("Dunnicliff") is an individual who resides in Escondido, California.

9. On information and belief, Defendant Klaus Moeller ("Moeller") is an individual who resides in Los Angeles, California.

10. On information and belief, Defendant Capital Art, Inc. ("Capital Art") is a Delaware corporation doing business in California and with its principal place of business in Culver City, California.

11. On information and belief, Defendant Capital Art, LLC ("Capital Art, LLC") is a California limited liability company doing business in California and with its principal place of business in Culver City, California.

12. On information and belief, Defendant Emage International, Inc. ("Emage") is a Nevada corporation not in good standing, doing business in California, which is controlled by Defendant Solomon.

## ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

13. Plaintiff is the widow and sole heiress of the fine arts photographer Helmut Newton ("Artist"), now deceased (1920-2004). Mrs. Newton is the exclusive

owner of all worldwide copyrights in photographs of Artist.

14. In 1983, Artist created a limited collection of certain of his photographs, known as the "Private Property Collection" (the "Photographs"). Each portfolio in the Private Property Collection consisted of three "suites" of 15 photographs each, for a total of 45 photographs per portfolio. Each photograph was printed as a gelatin silver print, signed, consecutively numbered in pencil and copyright stamped. Artist intended that the full edition of the Private Property Collection would be limited to 75 portfolios, all of which were printed.

15. Starting about December 1984, Artist engaged Spectrum Enterprises, Limited ("Spectrum Enterprises") in Los Angeles, California to assist him in promoting the Photographs. Plaintiff is informed and believes, and alleges thereon, that on or about December 14, 1984, Artist and Spectrum Enterprises, represented by Solomon, entered into a written agreement, designated the "Portfolio Agreement," memorializing the promoter relationship. Spectrum Enterprises acknowledged in the Portfolio Agreement that all copyrights in Artist's work belonged solely to Artist, that it had a limited license to market and distribute the work in portfolio form, and that it did not receive any express or implied license to use Artist's materials without his authorization. (A purported copy of the Portfolio Agreement provided to Plaintiff by Solomon, which appears to be incomplete and whose authenticity Plaintiff cannot presently confirm, is attached hereto as **Exhibit A**.)

16. In the course of this engagement, Artist provided Spectrum Enterprises and Solomon with certain photographic works comprising the Photographs.

17. Solomon represented as late as August 2010 that he was provided with three complete portfolios of the Photographs but that each of the portfolios was provided to fine arts galleries in London, Paris and Los Angeles with Artist's permission and authorization.

18. After the sale of approximately 25 portfolios, Artist decided that no further portfolios should be sold and that the remaining Photographs produced for the

Private Property Collection were not to be sold or released into the marketplace.

19. The Portfolio Agreement terminated pursuant to its own terms no later than August 1, 1986, and all rights thereunder reverted to Artist. Thereafter, Solomon and Spectrum Enterprises had no further right to possess, distribute or sell Artist's works, including the Photographs, or the promotional materials that accompanied them.

20. On information and belief, Plaintiff alleges that after the expiration of the Portfolio Agreement, Solomon and/or Dunnicliff wrongfully retained certain unsold Photographs and/or negatives, slides or other promotional materials that Solomon and/or Spectrum Enterprises were entitled to use solely for promotional purposes during the term of the Portfolio Agreement.

21. Each of the Photographs was first published in a country that was then a party to the Universal Copyright Convention (a "UCC Party"), or while Artist was domiciled in a country that was then a UCC Party and while the United States of America was also a UCC Party. Accordingly, the Photographs are subject to copyright protection under the Copyright Act of 1976. 17 U.S.C. § 104(b)(1), (2).

22. Some or all of the Photographs were published as part of collective works registered with the United States Copyright Office prior to the infringing events alleged herein.

23. Because of the limited production and sales of the Private Property Collection, the Photographs are extremely valuable. At the time of the Portfolio Agreement, portfolios sold for at least $7,500. A complete portfolio presently has an estimated value in excess of $250,000 – $350,000.

24. On information and belief, in or about February 2011 and thereafter, Defendants Art & Artifacts and Celebrity Vault offered for sale on an internet auction site, eBay, certain photographic prints from the Private Property Collection, one example of which is set forth below:

///

> "Helmut Newton B&W print of "Shoe" Monte Carlo 1983 This amazing print is exculsively (sic) from his private collection. Helmut Newton was mostly known for his spectacular fashion photography.
>
> We are excited to announce our complete new line of some of Helmut Newton's amazing provocative and erotically charged B&W photography. These prints are from his private collection. These are all 11" X 17" prints. We are able to offer these limited prints to you at slightly under retail value. Every print comes with a COA and is shipped in a stiff mailer"

(A true and correct copy of the eBay posting on February 23, 2011 is attached hereto as **Exhibit B**.)

25. On information and belief, in or about February 2011 and thereafter, Defendants Art & Artifacts and Celebrity Vault offered for sale on eBay certain "original lithographs" featuring images from the Private Property Collection, one example of which as set forth below:

> "CELEBRITY vault
>
> Proudly presents
>
> HELMUT NEWTON *PRIVATE PROPERTY*
>
> Original Fine Art Lithographs
>
> In 1984, Norman Soloman produced Helmut Newton's limited edition portfolio titled *Private Property*, which was introduced at gallery exhibitions in Paris and London. At the same time, Mr. Soloman also published a limited edition series of Fine Art Lithographs featuring many of Mr. Newton's most iconic images from the *Private Property* collection. Twenty-five years later, Celebrity Vault is excited to announce that we are exclusively re-introducing the same lithographic series representing twenty of the most valuable Images from the *Private Property* collection.
>
> The original 16"x 20" signed limited edition sliver gelatin prints from the *Private Property* collection have skyrocketed in value, especially since Newton's passing in 2004, making the images in this limited edition series of fine art reproductions from the original negatives a particularly notable piece of photographic history.
>
> The large 25"x 38" *Private Property* original lithographs, each featuring an iconic image that catapulted Newton into

being one of the most well-known and coveted photographers in the world, will soon be exclusively available for purchase at Celebrity Vault and Art & Artifact!"

(A true and correct copy of the eBay posting on February 19, 2011 is attached hereto as **Exhibit C**.)

26. On information and belief, on or before March 2011, Defendant Art & Artifacts generally offered for sale on its gallery website and sold certain "lithographic reproductions" derived from the Photographs. (True and correct copies of Defendant Art & Artifacts' webpages depicting images of the unauthorized copies of the Photographs in March 2011 are attached hereto as **Exhibit D**.)

27. On information and belief, on or before March 2011, Defendant Celebrity Vault generally offered for sale on its gallery website and sold certain "fine art lithograph[s]" of derived from the Photographs. (True and correct copies of Defendant Celebrity Vault's webpages depicting images of the unauthorized copies of the Photographs in March 2011 are attached hereto as **Exhibit E**.)

28. In about August 2011, after commencement of this action, Defendants Solomon, Art & Artifacts and Celebrity Vault ("Original Defendants") produced a one-page written agreement purportedly executed on about October 14, 2010, by Defendants Solomon and Moeller (the "Solomon-Moeller Agreement"). (A true and correct copy of the Solomon-Moeller Agreement is attached as **Exhibit F**.)

29. The Solomon-Moeller Agreement provides in part that:

  a. Defendant Solomon has, or had, "certain rights . . . to produce promotional material, specifically the fine art poster collection";

  b. Defendant Dunnicliff "has custodial rights to twenty negatives/images from the collection that were permitted to be used in the original fine art poster series";

  c. Through an alleged agreement with Dunnicliff, Solomon "acquired the exclusive rights to the twenty Private Property images . . . to reproduce

10,000 original fine art poster replicas of the original series";

  d. Solomon "has spent approximately $60,000 to acquire these rights and pay fees associated with the project. Klaus Moeller . . . acquires an equal partnership and equal rights to the Private Property fine art poster collection" in accordance with a payment schedule to be completed by March 31, 2011. (The foregoing provisions directly contravene the express terms of the Portfolio Agreement provided by Solomon, **Exhibit A**.)

 30. Plaintiff subsequently discovered a publicly filed OTC – INTERIM Disclosure Document dated as of May 9, 2011 ("Disclosure") by Defendant Capital Art. (A true and correct copy of the Disclosure is attached as **Exhibit G**.)

 31. On information and belief, based on the Disclosure:

  a. On May 9, 2011 Defendant Solomon was appointed President and a director of Capital Art;

  b. On May 9, 2011 Capital Art acquired Defendant Capital Art, LLC to serve as its operating subsidiary;

  c. In March 2011 Capital Art, LLC entered into an Asset Purchase Agreement ("APA") with Defendant Solomon and Defendant Emage "giving it right and title to exclusive and non exclusive licensing rights direct with photographers and/or their estates" and Capital Art's "rights include licensing agreements, some exclusive, to the collections of renowned photographers such as . . . a fine art Helmut Newton, lithographic collection."

  d. Defendant Solomon is founder and was or is President of Defendant Emage;

  e. Capital Art, LLC operates or will operate The Vault, a gallery in Culver City, California, where Capital Art also has its principal office.

 32. On information and belief, during 2011 Capital Art offered for sale "Fine Art Lithographs" based on the Photographs. Capital Art's website included a page related to Artist which contained the same ten (10) images in the same sequence

1 as depicted at website of Celebrity Vault (attached as **Exhibit B**). See
2 http://capitalart.com/?page_id=147.

3     33.    The Capital Art website includes the following statements:

> In 1984, Helmut Newton's only limited edition portfolio, titled Private Property, was first introduced at gallery exhibitions in Paris and London. At the same time, the original exhibition promoters also published a limited edition series of Fine Art Lithographs featuring many of Mr. Newton's most iconic images from the Private Property collection. Twenty-five years later, we are again able to re-introduce this exquisite collection featuring many of the great images taken by one of the world's most renowned photographers.

(A true and correct copy of Defendant Capital Art's webpage depicting images of the unauthorized copies of the Photographs in September 2011 is attached hereto as **Exhibit H**.)

    34.    As a direct result of Solomon's and/or Dunnicliff's actions in failing to return and secretly retaining Photographs and/or promotional materials derived from the Photographs, Plaintiff has been damaged in an amount to be determined at trial by Defendants' offer for sale and sale of certain unauthorized photographic works belonging to Plaintiff.

    35.    In February and March 2011, Plaintiff's counsel notified Original Defendants that their offer for sale and sale of photographs and/or promotional materials were infringing on Plaintiff's protected copyrights, and demanded that Original Defendants cease and desist from further infringing activity. Up to the date the complaint was filed on March 18, 2011, Original Defendants had not ceased offering for sale the infringing materials. Thus, the conduct of Original Defendants and each of them is willful and justifies the imposition of enhanced damages. To the extent any one or more of Defendants Dunnicliff, Moeller, Capital Art, Capital Art, LLC and Emage continued to participate in infringing activity after being put on notice of the infringement, they would also be subject to imposition of enhanced damages.

/ / /

# FIRST CLAIM FOR RELIEF
(Against All Defendants for Copyright Infringement – 17 U.S.C. §106 *et seq.*)

36. Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 35 above, as though fully set forth.

37. Plaintiff is the owner of all worldwide copyrights in the Photographs and has the exclusive right to reproduce the Photographs, prepare derivative works from the Photographs, distribute copies of the Photographs to the public by sale or other transfer of ownership, and to display the Photographs, pursuant to section 106 of the Copyright Act.

38. Within the last two years, Defendants infringed upon Plaintiff's copyrights by offering for sale copies of certain prints, fine art posters, lithographs or other materials derived from the Photographs (collectively the "Infringing Materials") without Plaintiff's authorization. Upon information and belief, Defendants have displayed, disseminated and sold unauthorized copies of the Infringing Materials on multiple occasions.

39. In undertaking the conduct complained of in this action, Defendants knowingly, intentionally, and willfully violated Plaintiff's copyrights.

40. Except for the limited purpose described above with regard to the Portfolio Agreement, Artist did not authorize, and Plaintiff has not authorized, Defendants to use, reproduce, create derivative works of, sell, offer for sale or distribute all or any part or portion of the Photographs for any purpose whatsoever.

41. By reason of Defendants' infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to her ownership rights in the Photographs.

42. Further irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging

in further acts of copyright infringement.

43.     Based upon Defendants' willful infringement, Plaintiff is entitled to recover from Defendants either statutory damages [17 U.S.C. § 504(c)] or, in the alternative, actual damages sustained by Plaintiff as a result of Defendants' acts of copyright infringement.  Plaintiff is at present unable to ascertain the full extent of the monetary damage she have suffered by reason of Defendants' acts of copyright infringement, but is informed and believes, and on the basis of such information and belief alleges, that Plaintiff has sustained such damage in an amount exceeding $300,000.

44.     Plaintiff is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement.

45.     Plaintiff is also entitled to reasonable attorneys' fees and costs she has and/or will incur to enforce her copyrights in the Photographs against Defendants' infringement.

## SECOND CLAIM FOR RELIEF
### (Against Defendants Solomon & Dunnicliff for Conversion)

46.     Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 45 above, as though fully set forth.

47.     Plaintiff alleges on information and belief that Defendants Solomon and Dunnicliff retained copies of the Photographs and other materials belonging to Artist that were intended for promotional use only and subsequently attempted to sell or distribute Artist's property, including the Infringing Materials.

48.     Except for the limited purpose described above and in the Portfolio Agreement, Artist did not authorize, and Plaintiff has not authorized, Defendants Solomon and Dunnicliff to use any part or portion of the Photographs, copies thereof,

or other materials belonging to Artist for any purpose whatsoever.

49. The aforementioned acts of Defendants Solomon and Dunnicliff were willful, oppressive, fraudulent and/or malicious.

50. As a result of Defendants Solomon's and Dunnicliff's willful and intentional conversion of Artist's property, now belonging to Mrs. Newton, Plaintiff has incurred damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Against Original Defendants for Violation of California Full Disclosure In the Sale of Fine Prints – Cal. Civil Code §1740 *et seq.*)

51. Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 50 above, as though fully set forth.

52. California's Sale of Fine Prints, Cal. Civil Code § 1740 *et seq.* ("Sale of Fine Prints Law"), makes it unlawful for anyone, including Defendants, to trade in fine arts prints without the disclosures required by sections 1742 and 1744 therein, and without a certificate of authenticity ("COA"). (Cal. Civ. Code §§ 1740-1745.9).

53. On information and belief, Plaintiff alleges that the advertisements and/or COAs accompanying Original Defendants' offer for sale of Artist's work created by Artist and belonging to Plaintiff, contain false and/or misleading information including, but limited to, statements that the fine arts prints offered are "exculsively (sic) from [Artist's] private collection" and are "Original Fine Art Lithographs."

54. On information and belief, Defendant Solomon wrongfully retained Artist's work and/or promotional materials beyond the term of the Portfolio Agreement and Defendant Solomon is the source of the unauthorized Photographs now being sold by Defendants. While Artist was living, Artist did not know or have reason to know of or suspect Defendant Solomon's wrongful conduct, and until the publication of Original Defendants' offer for sale of Photographs, Plaintiff did not know or have reason to know of or suspect Solomon's wrongful conduct.

///

55. As a result of Original Defendants' wrongful actions, Plaintiff is entitled to injunctive relief under the Sale of Fine Prints Law. (Cal. Civ. Code §1745.5(b)).

## DEMAND

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an order from this Court declaring that Plaintiff holds all rights and interests in the Photographs and is the owner of the stolen property.

B. For an injunction restraining and enjoining Defendants from offering for sale, using, distributing, publishing, copying, reproducing, advertising, promoting, adapting, displaying or otherwise exploiting the Photographs.

C. For an injunction mandating that Defendants deliver to Plaintiff any and all copies of the Photographs, including the Infringing Materials.

D. For a complete accounting and disgorgement of profits attributable to Defendants' exploitation of the Photographs, including from sales of the Infringing Materials.

E. For statutory damages or, in the alternative, damages according to proof, plus interest at the legal rate;

F. For an award of attorneys' fees and costs; and

G. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED: October 6, 2011          SIDEMAN & BANCROFT LLP


                                By: ____/S/Constance J. Yu_____
                                    Constance J. Yu
                                    Attorneys for Plaintiff
                                    June Newton

5692-3\1308217v2